# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00702-CR

**Antonious Desmond Brinson, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NO. 72150, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Antonious Brinson appeals his conviction of assault with bodily injury on a family member, having been convicted of assault with bodily injury on a family member previously. *See* Tex. Penal Code § 22.01(b)(2). In one issue on appeal, Brinson challenges the legal sufficiency of the evidence to support his conviction. Concluding that the evidence is legally sufficient, we will affirm.

## BACKGROUND

As a result of a violent confrontation between Brinson and his girlfriend, Javonda Johnson,[1] Johnson was struck on the head with a metal baseball bat and given a knot the "[s]ize of

---

[1] At the time of the incident, Brinson and Johnson were the parents of the same child, as described in section 71.003 of the Texas Family Code, satisfying the family member requirement of the charged offense. *See* Tex. Penal Code § 22.01(b)(2). Additionally, the parties entered into a stipulation, approved by the trial court, that Brinson had been convicted of assault with bodily

a small softball." On appeal, Brinson contends that the evidence was insufficient to permit a jury to conclude that he "intentionally, knowingly, or recklessly" caused Johnson's injury. *See id.*

At trial, Johnson testified that she picked up the bat, but she could not recall how she was struck. "All I remember," she testified, "is that we were struggling over the bat. I fell to the ground. And when I came back up, I had a knot." However, upon further questioning, Johnson admitted that she told a police officer on the night of the confrontation that Brinson had picked up the bat and hit her with it. She also acknowledged that she provided a written statement to police stating the same thing.[2] Additionally, Johnson testified that her relationship with Brinson had become violent on multiple occasions prior to this incident: Brinson had cut Johnson's head by throwing a bowl at her, had put his hands around her neck, and had broken her nose by punching her. Johnson did not wish to press charges in any of these incidents, and Brinson was not charged for cutting Johnson's head or for putting his hands around her neck. However, he was charged with and convicted of assault on a family member for breaking Johnson's nose. At trial, Johnson testified that she did not want to prosecute Brinson for the incident giving rise to this appeal either.

Two of Johnson's daughters, M.J. and T.Q.,[3] were also called as witnesses and testified that Johnson picked up the bat. M.J. testified that Johnson swung the bat at Brinson, that

---

injury on a family member previously, satisfying this requirement of the charged offense. *See id.* § 22.01(b)(2)(A).

[2] The written statement itself was not admitted as evidence, but Johnson testified with respect to the content of her statement when she was on the stand. The same is true of her daughters' written statements mentioned below.

[3] All witnesses who were minors at the time the offense was committed are referred to by initials to protect their identities.

Brinson caught it, and that both Brinson and Johnson fell to the ground as they struggled for control over it. She also testified that as Brinson and Johnson struggled for the bat, Brinson "was hitting [Johnson] in the face with it and [Johnson] was trying to stop it." She thought that Brinson hit Johnson with the bat twice during the struggle, once accidentally and once on purpose. Like her mother, M.J. admitted under questioning that she had provided a written statement to the police on the night of the incident in which she wrote that Brinson had grabbed the bat, charged at Johnson, and hit her with it. Furthermore, she testified that since the incident, Brinson had moved in with Johnson and her children.

T.Q. testified that as Johnson and Brinson were struggling over control of the bat, Johnson tried to push it away from her but let go, causing it to hit her in the face. However, she also admitted that she provided a written statement to the police on the night of the incident that indicated that Brinson had attacked Johnson with the bat.

In addition to this testimony, the jury was presented with a recording of Johnson's conversation with a 9-1-1 dispatcher on the night of the incident and a release of obligation that Johnson signed on the same night. In the recording, Johnson states that Brinson grabbed the bat, threatened her, and hit her on the head. In the release of obligation, in which she declined to press charges, she wrote that she was "assaulted by . . . Antonious Brinson with a baseball bat."

**STANDARD OF REVIEW**

In assessing the legal sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307,

3

319 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We must presume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences from that evidence in a manner that supports the verdict. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 319). Our role is not to reevaluate the weight and credibility of the evidence produced at trial nor to substitute our judgment for the fact finder's, but to ensure that the jury reached a rational verdict. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); *see Isassi*, 330 S.W.3d at 638.

**DISCUSSION**

Viewed in the light most favorable to the verdict, the evidence presented at trial was sufficient to permit a jury to find the essential elements of the charged offense beyond a reasonable doubt—that is, that Brinson caused Johnson's injury and that he did so intentionally, knowingly, or recklessly. A substantial amount of the evidence presented at trial supports this finding: Johnson's testimony that she told the police officer that Brinson had picked up the bat and hit her with it; Johnson's and her daughters' testimonies that they wrote statements on the night of the incident to the effect that Brinson had hit Johnson with the bat; M.J.'s testimony that Brinson hit Johnson with the bat on purpose at least once; the recording of Johnson's conversation with the 9-1-1 dispatcher, in which she states that Brinson hit her with the bat; and the release of obligation, in which Johnson wrote that Brinson had assaulted her with a baseball bat. The jury was not unreasonable in basing its verdict on this evidence.

It is true that at the trial Johnson and her daughters contradicted this evidence by testifying that Johnson picked up the bat, swung it at Brinson, and was hit accidentally as the two

4

wrestled for it. However, we must presume that the jury, as the finder of fact, weighed the credibility of the witnesses' testimony and resolved the conflicts in the testimony in a manner that supports the verdict. *See Hooper*, 214 S.W.3d at 13.

To find that the evidence presented at trial was insufficient, we would have to substitute our judgment for the jury's. That is not our role. *See King*, 29 S.W.3d at 562. Our role is merely to ensure that the jury reached a rational verdict, and in this case, based on all of the evidence that was presented at trial, it did.

## CONCLUSION

We affirm the trial court's judgment.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   July 30, 2015

Do Not Publish